JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

15-103

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Caroline Callaway

### DEFENDANTS
City of Austin; Travis County; APD Patrick Oborski; Adam Johnson, John Does A-F; John Does G-J; Pro-touch Nurses, Inc.; Shannon Romsey-[?]

(b) County of Residence of First Listed Plaintiff: Travis
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Travis
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Daphne Pattison Silverman
501 North IH-35
Austin, TX 78702

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ' 1 U.S. Government Plaintiff
- X 3 Federal Question (U.S. Government Not a Party)
- ' 2 U.S. Government Defendant
- ' 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ' 1 | ' 1 | Incorporated or Principal Place of Business In This State | ' 4 | ' 4 |
| Citizen of Another State | ' 2 | ' 2 | Incorporated and Principal Place of Business In Another State | ' 5 | ' 5 |
| Citizen or Subject of a Foreign Country | ' 3 | ' 3 | Foreign Nation | ' 6 | ' 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ' 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ' 625 Drug Related Seizure of Property 21 USC 881 | ' 422 Appeal 28 USC 158 | ' 375 False Claims Act |
| ' 120 Marine | ' 310 Airplane — ' 365 Personal Injury - Product Liability | ' 690 Other | ' 423 Withdrawal 28 USC 157 | ' 400 State Reapportionment |
| ' 130 Miller Act | ' 315 Airplane Product Liability — ' 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ' 410 Antitrust |
| ' 140 Negotiable Instrument | ' 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ' 430 Banks and Banking |
| ' 150 Recovery of Overpayment & Enforcement of Judgment | ' 330 Federal Employers' Liability — ' 368 Asbestos Personal Injury Product Liability | | ' 820 Copyrights | ' 450 Commerce |
| ' 151 Medicare Act | ' 340 Marine | | ' 830 Patent | ' 460 Deportation |
| ' 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ' 345 Marine Product Liability — **PERSONAL PROPERTY** | **LABOR** | ' 840 Trademark | ' 470 Racketeer Influenced and Corrupt Organizations |
| ' 153 Recovery of Overpayment of Veteran's Benefits | ' 350 Motor Vehicle — ' 370 Other Fraud | ' 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ' 480 Consumer Credit |
| ' 160 Stockholders' Suits | ' 355 Motor Vehicle Product Liability — ' 371 Truth in Lending | ' 720 Labor/Management Relations | ' 861 HIA (1395ff) | ' 490 Cable/Sat TV |
| ' 190 Other Contract | ' 360 Other Personal Injury — ' 380 Other Personal Property Damage | ' 740 Railway Labor Act | ' 862 Black Lung (923) | ' 850 Securities/Commodities/ Exchange |
| ' 195 Contract Product Liability | ' 362 Personal Injury - Medical Malpractice — ' 385 Property Damage Product Liability | ' 751 Family and Medical Leave Act | ' 863 DIWC/DIWW (405(g)) | ' 890 Other Statutory Actions |
| ' 196 Franchise | | ' 790 Other Labor Litigation | ' 864 SSID Title XVI | ' 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ' 791 Employee Retirement Income Security Act | ' 865 RSI (405(g)) | ' 893 Environmental Matters |
| ' 210 Land Condemnation | X 440 Other Civil Rights — **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ' 895 Freedom of Information Act |
| ' 220 Foreclosure | ' 441 Voting — ' 463 Alien Detainee | | ' 870 Taxes (U.S. Plaintiff or Defendant) | ' 896 Arbitration |
| ' 230 Rent Lease & Ejectment | ' 442 Employment — ' 510 Motions to Vacate Sentence | | ' 871 IRS—Third Party 26 USC 7609 | ' 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ' 240 Torts to Land | ' 443 Housing/ Accommodations — ' 530 General | | | ' 950 Constitutionality of State Statutes |
| ' 245 Tort Product Liability | ' 445 Amer. w/Disabilities - Employment — ' 535 Death Penalty | **IMMIGRATION** | | |
| ' 290 All Other Real Property | ' 446 Amer. w/Disabilities - Other — **Other:** — ' 540 Mandamus & Other | ' 462 Naturalization Application | | |
| | ' 448 Education — ' 550 Civil Rights | ' 465 Other Immigration Actions | | |
| | ' 555 Prison Condition | | | |
| | ' 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- X 1 Original Proceeding
- ' 2 Removed from State Court
- ' 3 Remanded from Appellate Court
- ' 4 Reinstated or Reopened
- ' 5 Transferred from Another District *(specify)*
- ' 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):* 42 USC 1983
Brief description of cause: Violation of right to be free from unreasonable search and seizure

## VII. REQUESTED IN COMPLAINT:
' CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes ' No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 2-4-15
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: **federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CAROLINE CALLAWAY
    PLAINTIFF

VS                                                CIVIL ACTION NO: 15-103

CITY OF AUSTIN; TRAVIS COUNTY;
AUSTIN POLICE OFFICER PATRICK OBORSKI;
AUSTIN POLICE OFFICER ADAM JOHNSON;
JOHN DOES A-F WHO ARE UNKNOWN
TO THE PLAINTIFF AT THIS TIME BUT ARE IN THE
CHAIN OF COMMAND FOR THE AUSTIN POLICE
DEPARTMENT; JOHN DOES G-J WHO ARE
UNKNOWN TO THE PLAINTIFF AT THIS TIME
BUT WHO ARE EMPLOYEES OF TRAVIS
COUNTY SHERIFF'S OFFICE; PRO-TOUCH NURSES, INC; AND
SHANNON RAMSEY-GRAHAM
    DEFENDANTS

## COMPLAINT

### Introduction

This civil action arises from an assault and battery of Plaintiff by a non-government employee and government employees the violation of Plaintiff's civil rights on or about February 4, 2013, in the City of Austin by the Austin Police Department. This action is brought pursuant to 42 USC 1983, 42 USC 1988, the United States Constitution, as well as the common law of the State of Texas. Plaintiff requests a jury trial.

1

## Jurisdiction and Venue

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, and Section 1343. Also, the supplemental jurisdiction of this Court to hear claims arising under state law is invoked pursuant to 28 U.S.C. Section 1367. Venue in this Court is appropriate under 28 U.S.C. Section 1391(b) because most Defendants reside in this District and all of the events giving rise to these claims occurred in this District.

## Plaintiff

2. Plaintiff, Caroline Callaway, is an adult resident of the City of Austin, Texas.

## Defendants

3. Defendant, City of Austin, Texas, is a unit of local government in the State of Texas.

4. Defendant, Travis County, Texas is a unit of local government in the State of Texas.

5. Defendants, Officers Patrick Oborski, Adam Johnson and John Does A-F are Police Officers for the City of Austin during the times set out in this complaint and are adult residents of the City of Austin.

6. Defendants, John Does G-J are deputies for the Travis County Sheriff's Office (TCSO) during the times set out in this complaint and are adult residents of Travis County.

2

7.   Shanon Ramsey-Graham is an adult resident of Travis County and an employee of Pro-touch Nurses, Inc. She can be served with process through her employer Pro-touch Nurses, Inc., whose registered agent for service of process is Kamlesh Sharma, 5929 McFarland Drive, Plano, Texas, 75093. The conduct of employee Shanon Ramsey-Graham is imputed to her employer Pro-touch Nurses Inc. At all times alleged in the Complaint, employee Shanon Ramsey-Graham was acting in the course of her employment.

8.   Pro-touch Nurses, Inc. is a Texas corporation which can be served with process by serving its registered agent Kamlesh Sharma, 5929 McFarland Drive, Plano, Texas, 75093. During the times set out in this Complaint, Pro-touch Nurses, Inc. contracted with the City of Austin.

9.   At all times and during all incidents relevant to this complaint, the Defendants were acting under color of law.

## Pre-Suit Requirements

10.  Ms. Callaway has satisfied the prerequisites to suit specified by the Texas Tort Claims Act, V.T.C.A Civil Practice & Remedies Code § 101.101 for each claim in this complaint to which these laws apply. The city had actual notice of the injury.

11.  Ms. Callaway has satisfied the prerequisites to suit specified by V.T.C.A., Civil Practice & Remedies Code § 74.051 by sending notice certified mail to each medical provider against whom this claim is asserted. Ms. Callaway understands that as to the

3

medical defendants, the lawsuit will be abated for 60 days for the medical defendants to review the case pursuant § 74.051.

## Statement of Facts

12.     On February 4, 2013, Ms. Callaway was arrested by Officer Patrick Oborski of the Austin Police Department for DWI breath test refusal. Ms. Callaway did not physically resist or threaten officers at any point. She told the arresting officers that she had an anxiety disorder and she took medications.

13.     At the Travis County Sheriff's Office (Travis County Jail/ Central Booking Facility)[1], Officer Oborski advised Ms. Callaway that they were going to take her blood. Sergeant Johnson took Ms. Callaway to a small padded room. Austin police officers and Travis County Sheriff's deputies strapped Ms. Callaway into a restraint chair (colloquially referred to be the deputies as "the chair") and straps were placed across her legs, over her shoulders, and around her wrists.  Ms. Callaway was surrounded by at least four officers. Her body began to involuntarily tremble from anxiety and fear. The officers then put a bag over Ms. Callaway's head covering her eyes, nose and mouth, so she could not see and had difficulty breathing. Defendant Shanon Ramsey Graham prepared to take Ms. Callaway's blood. The first time Defendant Ramsey-Graham stabbed Ms. Callaway, the needle popped out because of

---

[1] Located at 500 W. 10th Street, Austin, Texas 78701.

4

Ms. Callaway's shaking and blood spewed onto one of the officers. All defendants continued the abuse determined to take Ms. Callaway's blood. In order to stop Ms. Callaway from trembling, one of the officers used choke hold pressure points on her neck, until her body went limp. Defendant Ramsey-Graham stabbed Ms. Callaway again while Ms. Callaway was limp. When the officer released her neck, Ms. Callaway gasped for air. She could not see because there was a bag over her head, but she felt the weight of a boot in the crook of her arm, which, along with the rest of her body, was still tied to the chair. Ms. Callaway was suspected of committing a misdemeanor.

14. The Austin Police officers involved included Officer Patrick Oborski and Sergeant Adam Johnson and other officers whose names are unknown at this time. Deputies of the Travis County Sheriff's office were also involved. The names of the deputies of the Travis County Sheriff's office are also unknown at this time.

15. This application of force in effectuating a DWI blood draw was objectively unreasonable. Ms. Callaway was subjected to terrifying and potentially life-threatening brutality, an affront to her body and her dignity, when she posed no physical threat, was strapped to a chair, and had presented at the most only passive and verbal resistance at any point during her arrest. The search was unlawful. The force used was excessive.

16. The blood draw procedure was performed in an unsanitary environment in an improper manner without following the medical profession's commonly recognized procedures for safe and sanitary blood draws.

17. The City of Austin and Travis County were on notice of the risk of injury from blood draw procedures performed in the Travis County jail.

## Theories of Liability

### *Violation of the Fourth and Fourteenth Amendment to the United States Constitution*

18. Citizens have the right, protected under the Fourth Amendment to the United States Constitution to be free from unlawful searches and seizures. Caroline Callaway's blood was drawn in an improper manner in an unsanitary environment. Drawing blood in the manner in which it was drawn from Caroline Callaway violates the Fourth Amendment right to be free from unlawful search and seizure.

19. Citizens have the right under the Fourth Amendment to the United States Constitution to be free from excessive force during arrest. The force used to effectuate the arrest of Caroline Callaway was excessive.

20. Defendants have engaged in a pattern or practice of violating the civil rights of citizens who refuse to submit to blood draw in the jail by risking their safety and health drawing blood in an improper manner and in an unsanitary environment.

21. The Chief of Police of the Austin Police Department and the persons employed within the chain of command with the Austin Police Department as well as the Travis County Sheriff and persons employed within the chain of command with

the Travis County Sheriff and the private citizen Defendants were involved directly or indirectly in the violation of Caroline Callaway's civil rights.

22. All of the above described actions and/or inaction were undertaken pursuant to the direction and/or supervision of the Chief of Police of the Austin Police Department and the Sheriff of Travis County and unknown defendants within their respective chains of command. These persons were responsible for all training and supervision of the individual members of the Austin Police Department and Travis County Sheriff whose conduct resulted in the violation of Caroline Callaway's civil rights.

*Failure to Establish Policy*

23. The Chief of Police of the Austin Police Department as well as the Sheriff of Travis County and persons employed within their respective chains of command are responsible for establishing the Departmental policies, rules, regulations, ordinances, and procedures under which the Chief and Sheriff and each and every one of their employees must act.

24. Upon information and belief, at all times relevant to this Complaint, there was no policy, rule, regulation, ordinance or procedure providing safe and sanitary procedures for drawing blood from persons accused of DWI.

25.     The lack of established policies, rules, regulations, and procedures caused the Civil Rights violations under the United States and Texas Constitutions and State tort violations and as a consequence the damages suffered by Ms. Callaway.

26.     On information and belief, the policy makers with City of Austin/Austin Police Department and Travis County Sheriff knew or should have known that the lack of policy, rule, regulation or procedure would cause this type of civil rights violation.

*Failure to train/failure to supervise*

27.     Alternatively, the Chief of Police of the Austin Police Department Sheriff of Travis County and persons within their respective chains of command who are unknown at this time failed to properly train regarding and supervise the enforcement of established rules, regulations and procedures.

28.     In addition, these persons failed to discipline, reprimand, or correct the employees whose conduct resulted in the violations of Caroline Callaway's civil rights.

29.     The Defendants are liable for violations of Caroline Callaway's Civil Rights that occurred on February 4, 2013, as they willfully, wantonly, or recklessly failed to properly train and supervise the individual employees whose conduct resulted in the violation of Caroline Callaway's civil rights.

30.     Said inept training and supervision was a direct and proximate cause of the Civil Rights Violations under the United States and Texas Constitutions and State tort violations and as a consequence the damages suffered by Caroline Callaway.

31. The City of Austin/Austin Police Department and Travis County/ Sheriff knew or should have known that the failure to train and/or failure to supervise officers about citizens' civil rights would cause this type civil rights violation.

32. The Defendants willfully and wantonly deprived Mr. Caroline Callaway of her constitutionally protected civil rights afforded to her by the Constitution of the United States of America and the Fourth Amendment, and Fourteenth Amendment, by conspiring to and/or engaging in conduct which caused, encouraged, and continued violations of Ms. Caroline Callaway's civil rights. Defendants are liable for these civil rights violations pursuant to 42 U.S.C. 1983.

33. All of these Constitutional protections were taken from Plaintiff by Defendants gross disregard for the law and gross disregard for the United States Constitution and the Constitution of the State of Texas while Defendants were acting under color of authority and law.

## Damages

34. Caroline Callaway suffered loss of liberty, mental anguish, physical and emotional injuries, pain and suffering, embarrassment, humiliation, shame, indignity, and special damages she incurred or will incur, including but not limited to past, present and future medical bills; past, present and future lost wages; legal fees and legal expenses. Caroline Callaway suffered from severe bruising on various parts of her body, particularly around her neck where officers choked her. Caroline Callaway

9

suffered nerve damage which may be permanent. Caroline Callaway suffered from post-traumatic stress disorder. The Defendants conduct described in this Complaint is the direct and proximate cause of all of these damages.

## Punitive Damages

35. All individuals sued are liable for punitive damages as they were consciously indifferent to the plaintiff's constitutional rights.

## Claims-State Law

36. The actions of Defendants as described above in the statement of facts violated the rights of the Plaintiff under the tort law of the State of Texas.

37. Ms. Callaway incorporates the allegations made in Paragraphs 1 to 31, 34, and 35 of this complaint.

*Assault and Battery*

38. On the occasion in question, Defendants acting intentionally, knowingly, or recklessly, made contact with Plaintiff's person, which caused Plaintiff to suffer severe and possibly permanently disabling injuries.

39. As a result of Defendants' assault, Caroline Callaway has incurred, and will incur in the future, significant damages as set forth below.

*Negligence*

40. On the occasion in question, Defendants were negligent by failing to exercise ordinary care to draw blood from Caroline Callaway. This negligence of Defendants

was a proximate cause of the damages incurred by Caroline Callaway as set forth below.

*Medical Malpractice*

41. On the occasion in question, Defendants Shannon Ramsey-Graham and Pro-touch Nurses, Inc. breached the standard of care for drawing blood. The Medical malpractice was a proximate cause of the Plaintiff's injuries.

42. As a result of the Defendants' tortious acts, Ms. Callaway suffered damages including loss of liberty, mental anguish, physical and emotional injuries, pain and suffering, embarrassment, humiliation, shame, indignity, and special damages she incurred or will incur, including but not limited to past, present and future medical bills; past, present and future lost wages; legal fees and legal expenses. Caroline Callaway suffered from severe bruising on various parts of her body, particularly around her neck where officers choked her. Caroline Callaway suffered nerve damage which may be permanent. Caroline Callaway suffered from post-traumatic stress disorder. The Defendants conduct described in this Complaint is the direct and proximate cause of all of these damages. In addition, the actions of Defendant on the occasion in question constituted gross negligence or otherwise rise to the level of conduct that justifies an award of exemplary damages. Plaintiff seeks an award of exemplary damages in an amount to be determined by the jury in this case.

## Relief

In light of the foregoing, the Plaintiff requests Judgment against Defendants, jointly and severally as follows:

1. Compensatory damages from the Defendants, in an amount to be determined by the trier of fact;

2. Punitive damages from the Defendants, in an amount to be determined by the trier of fact;

3. Pre-judgment and post-judgment interest;

4. Reasonable costs, expenses and attorneys' fees; and

5. All such other relief at law or in equity to which the plaintiff is entitled.

RESPECTFULLY SUBMITTED,

CAROLINE CALLAWAY

By: ____/s/ Daphne Pattison Silverman
Daphne Pattison Silverman

Daphne Pattison Silverman
Silverman Law Group
501 N IH 35
Austin, Texas 78702
Phone 512-485-3003
Fax   512-597-1658
daphnesilverman@gmail.com
TX Bar No: 06739550