IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CAROLINE CALLAWAY, § | | |
|     PLAINTIFF, § | | |
| § | | |
| vs. § | | CIVIL ACTION NO. |
| § | | 1:15-cv-00103-SS |
| CITY OF AUSTIN; TRAVIS COUNTY; § | | |
| AUSTIN POLICE OFFICER PATRICK § | | |
| OBORSKI; JOHN DOES A-F WHO § | | |
| ARE UNKNOWN TO THE PLAINTIFF § | | |
| AT THIS TIME BUT ARE IN THE § | | |
| CHAIN OF COMMAND FOR THE § | | |
| AUSTIN POLICE DEPARTMENT; § | | |
| JOHN DOES G-J WHO ARE § | | |
| UNKNOWN TO THE PLAINTIFF AT § | | |
| THIS TIME BUT WHO ARE § | | |
| EMPLOYEES OF TRAVIS COUNTY § | | |
| SHERIFF'S OFFICE; PRO-TOUCH § | | |
| NURSES, INC.; AND SHANNON § | | |
| RAMSEY-GRAHAM, § | | |
|     DEFENDANTS. § | | |

**ORIGINAL ANSWER OF DEFENDANT TRAVIS COUNTY TO PLAINTIFF'S ORIGINAL COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND**

    Comes now Defendant Travis County hereafter "Travis County" and files this, its Original Answer to Plaintiff's Original Complaint, Affirmative Defenses and Jury Demand. In support thereof, Travis County respectfully shows the following:

**ANSWER**

    Pursuant to Federal Rule of Civil Procedure 8(b), Travis County denies each and every allegation contained in Plaintiff's Original Complaint except those expressly admitted herein. The following specific admissions and denials are made to the corresponding paragraphs of Plaintiff's Original Complaint: [See, **Dkt 1**].

I.     **Response to Introduction**.

Travis County admits that both government and nongovernment employees were present on the night of February 4, 2013 and had some interaction with Plaintiff Caroline Callaway, (hereafter Callaway or Plaintiff) but Travis County denies the following: that any assault and battery occurred against Callaway; that Callaway's civil rights were violated; that any state or federal law applicable to Callaway was violated.

II.    **Travis County's Responses to numbered assertions and allegations in Complaint**.

*Jurisdiction and Venue*

1.     Admit jurisdiction and venue is correctly stated but deny that Callaway suffered actionable harm.

2.     Admit at the time of the allegations in this lawsuit, Callaway was a resident of Travis County.

3.     Admit.

4.     Admit.

5.     Travis County admits that Patrick Oborski and Adam Johnson were police officers for the City of Austin at the time of the events giving rise to this lawsuit. Travis County lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegation and thereby denies the remainder of the allegation.

6.     Travis County lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the allegations.

7.     Travis County lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the allegations.

8.     Travis County lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the allegations.

9.     Travis County admits that it was acting under color of state law but denies that any of its actions vis-a-vis Callaway violated state or federal law. As to other Defendants, Travis County lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the allegations.

*Response to Pre-Suit Requirements*

10.    Travis County denies that Callaway satisfied pre suit requirements under the Texas Tort Claims Act vis-à-vis Travis County. Travis County lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the allegation as to other defendants.

11.    Travis County lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the allegation as to other defendants. Travis County denies that it is a medical provider covered by CPRC Section 74.051 under the facts asserted in Callaway's Original Complaint.

*Travis County's Response to Statement of Facts*

12.    Travis County admits that Ms. Callaway was arrested by APD Officer Patrick Oborski on February 4, 2013 and was booked on charges of DWI, Possession of Marijuana and Resisting Arrest and admits that Ms. Callaway refused to undergo a breath test related to her DWI. As for the remainder of paragraph 12, Travis County lacks knowledge or information sufficient to form a belief about the truth of the allegations and thereby denies the allegations.

13. Travis County admits that APD Officer Oborksi advised Ms. Callaway that a blood draw warrant had been obtained. Travis County admits that Ms. Callaway's blood was drawn pursuant to that warrant on February 4, 2013 because she had refused to submit to a breathalyzer test. Travis County admits that Ms. Callaway was placed in a restraint chair because she would not cooperate with blood draw procedures. Travis County admits that a Protouch employee drew Ms. Callaway's blood. Travis County admits that blood got on to one of the officers. Travis County denies that Ms. Callaway was suspected of committing a misdemeanor, but instead three misdemeanors. Travis County denies the remainder of the allegations in this paragraph because it lacks knowledge or information sufficient to form a belief about the truth of the allegations.

14. Travis County admits that APD Officer Oborski and APD Sergeant Adam Johnson were present during the blood draw. Travis County admits TCSO employees were present when Callaway resisted having her blood drawn pursuant to a court order.

15. Travis County denies paragraph 15 in its entirety.

16. Travis County denies paragraph 16 in its entirety.

17. Travis County Denies paragraph 17 in its entirety.

### *Response to Plaintiff's Theories of Liability*

18. Travis County admits that citizens have a right to be free from unlawful search and seizure under the Fourth Amendment, but denies that Callaway's Fourth Amendment rights were violated on the night of the events in question and denies the remainder of the paragraph 18.

19. Travis County admits that citizens have a right to be free from excessive force, but denies that Caroline Callaway was subjected to excessive force and denies the remainder of the paragraph.

20. Travis County denies paragraph 20 in its entirety.

21. Travis County denies paragraph 21 in its entirety.

22. Travis County admits that its employees acted properly - pursuant to training and supervision - and admits that it provided appropriate training and supervision for its employees, but denies that its employees' actions - or supervision or training of those employees - led to any violation of Callaway's civil rights.  Travis County lacks knowledge or information sufficient to admit or deny this paragraph with respect to the City of Austin, and thereby, denies this paragraph.

### *Response to Alleged Failure to Establish Policy*

23. Travis County admits paragraph 23 as to the Sheriff and denies as to others in the chain of command as alleged by Callaway in the same paragraph.  With respect to APD, Travis County lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the allegation.

24. Travis County denies paragraph 24.  As to APD, Travis County lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the allegation.

25. Travis County denies paragraph 25. As to APD, Travis County lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the allegation.

26.     Travis County denies paragraph 26. As to APD, Travis County lacks knowledge or information sufficient to form a belief about the truth of the allegations and thereby denies the allegations.

### *Response to Alleged Failure to Train / Failure to Supervise*

27.     Travis County denies paragraph 27. With respect to APD, Travis County lacks knowledge or information sufficient to form a belief about the truth of the allegations and thereby denies the allegations.

28.     Travis County denies that its employees engaged in any wrongdoing that would lead to reprimand for violation of Callaway's civil rights as alleged in paragraph 28. As to APD, Travis County lacks knowledge or information sufficient to form a belief about the truth of the allegation and thereby denies the allegation.

29.     Travis County denies paragraph 29. As to APD, Travis County lacks knowledge or information sufficient to form a belief about the truth of the allegations and thereby denies the allegations.

30.     Travis County denies paragraph 30. As to APD, Travis County lacks knowledge or information sufficient to form a belief about the truth of the allegations and thereby denies the allegations.

31.     Travis County denies paragraph 31. As to APD, Travis County lacks knowledge or information sufficient to form a belief about the truth of the allegations and thereby denies the allegations.

32.     Travis County admits that all citizens' civil rights are protected by the Fourth and the Fourteenth Amendment, but Travis County denies that its actions violated Callaway's rights under Fourth or Fourteenth Amendment or any state or federal law.

Travis County denies any conspiracy. As to APD, Travis County lacks knowledge or information sufficient to form a belief about the truth of the allegations and thereby denies the allegations.

33. Travis County admits that its personnel were acting under color of state law, but denies the remainder of paragraph 33.

### *Response to Damages*

34. Travis County denies that Caroline Callaway is entitled to damages under the facts of this case. Travis County lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to alleged injuries and causation and thereby denies the remainder of paragraph 34.

### *Response to Punitive Damages*

35. Travis County denies that punitive damages are recoverable against it and even if such damages were available to Callaway under law, Travis County denies that such would be available to Callaway under the facts of this case.

### *Response to State Law Claims*

36. Travis County denies that Callaway has asserted facts that would subject it to liability under the limited waiver of governmental immunity as set forth in the Texas Tort Claims act and case law interpreting that statute.

37. Travis County incorporates its responses to paragraphs 1 to 31, 34 and 35 of the complaint.

### *Travis County denies Assault and Battery*

38. Travis County denies paragraph 38 in its entirety.

39. Travis County denies paragraph 39 in its entirety.

### *Travis County Denies Negligence*

40. Travis County denies that it drew Plaintiff's blood and denies that its actions, if any, in connection with paragraph 40 were negligent.

### *Travis County Denies Medical Malpractice*

41. Travis County denies that the allegations in paragraph 41 are applicable to it and denies that its actions, if any, in connection with paragraph 41 were negligent.

42. Travis County denies paragraph 42 in its entirety.

## III. Response to Relief

Travis County denies that Plaintiff is entitled to judgment against it.

1. Travis County denies that Plaintiff is entitled to compensatory damages.

2. Travis County is not subject to punitive damages, and even if it were, Plaintiff would not be entitled to such under the facts of this case.

3. Travis County denies that Plaintiff is subject to pre and post judgment interest.

4. Travis County denies that Plaintiff is entitled costs, expenses and attorney fees, but admits, in the alternative, that if such fees are awarded they must be reasonable in nature.

5. Travis County denies that Plaintiff is justly entitled to any relief at law or in equity.

## IV. Affirmative Defenses

1. ***Monell v. Department of Social Service.*** Travis County is liable as a "person" under §1983 only when a County "policy or custom" is shown to be the direct cause of a constitutional violation. Plaintiff cannot meet this burden.

2. **_Heck v. Humphrey_**. Travis County asserts that Callaway's constitutional claims are, or will be, barred under _Heck v. Humphrey_, 512 U.S. 477, 484-89 (1994) because such claims are, or will be, a collateral attack on the validity of the criminal judgment pertaining to resisting arrest.

3. **Governmental Immunity**. Travis County asserts the affirmative defense of governmental immunity and asserts that Plaintiff's claims against it do not meet the limited waiver set forth in the Texas Tort Claim Act. See Tex. Civ. Prac. & Rem. Code Sec. 101.001, _et seq_.

4. **Failure to State a Claim under § 1983**. Travis County admits that causes of action may be stated against it under certain circumstances pursuant to 42 U.S.C. §1983, but deny that such circumstances are present in this case.

5. **No Deprivation of Plaintiff's Rights.** Travis County asserts that it did not deprive Plaintiff of any right, privilege or immunity granted or secured by the Constitution and/or laws of the United States.

6. **No _Respondeat Superior._** Travis County asserts that any claim premised upon the doctrine of _respondeat superior_ will not support a claim of a constitutional dimension under 42 U.S.C. §1983.

7. **No Liability due to Comparative Fault**. Travis County asserts that it is not liable due to the comparative fault of a third party.

8. **No Punitive Damages**. Travis County asserts that it cannot be held liable for punitive or exemplary damages under 42 USCA § 1983.

9. **Negligence will not Support Civil Rights Claim.** Travis County asserts that a claim of negligence will not support a § 1983 claim.

10.     **Caps on Damages**.  Travis County asserts the caps on damages set forth in the Texas Tort Claims Act, and other applicable statutes as well as its immunity from punitive or exemplary damages.

11.     **Right to Raise Additional Defenses**.  Travis County reserves the right to raise additional defenses that may become apparent throughout the factual development of this case.

**V.      Jury Demand**

Should trial be necessary in the foregoing cause of action, Travis County respectfully requests a trial by jury.

**VI.     Prayer**

**WHEREFORE, PREMISES CONSIDERED,** Travis County prays that Plaintiff take nothing by way of this suit, that Plaintiff's suit be dismissed with prejudice, and that Travis County recover all court costs, as well as such other and further relief to which it may be so justly entitled at law or in equity.

Respectfully submitted,

**DAVID A. ESCAMILLA**
**TRAVIS COUNTY ATTORNEY**
P. O. Box 1748
Austin, Texas  78767
(512) 854-9415
(512) 854-4808 FAX

By:     */s/ Laurie R. Eiserloh*
        LAURIE R. EISERLOH
        Assistant County Attorney
        State Bar No. 06506270
        laurie.eiserloh@co.travis.tx.us
        ANTHONY J. NELSON
        Assistant County Attorney
        State Bar No. 14885800
        tony.nelson@co.travis.tx.us

        **ATTORNEYS FOR TRAVIS COUNTY**
        **DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of March, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Daphne Pattison Silverman
Silverman Law Group
501 N. IH 35
Austin, Texas 78702
***Attorney for Plaintiff, Caroline Callaway***

Chris Edwards
Assistant City Attorney
City of Austin-Law Department
P.O. Box 1546
Austin, Texas 78767
***Attorneys for City Defendants***

Anthony J. Nelson
Laurie R. Eiserloh
Assistant County Attorneys
Travis County Attorney's Office
P.O. Box 1748
Austin, Texas  78767
***Attorneys for Travis County Defendants***

/s/ Laurie Eiserloh
Laurie Eiserlon
**Assistant County Attorney**
Anthony J. Nelson
**Assistant County Attorney**

*Original Answer of Defendant Travis County to Plaintiff's Original Complaint,*
*Affirmative Defenses and Jury Demand*
325459.1/ 245.3113
Page **12** of **12**