IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CAROLINE CALLAWAY, § | |
| PLAINTIFF, § | |
| § | |
| vs. § | CIVIL ACTION NO. |
| § | 1:15-cv-00103-SS |
| CITY OF AUSTIN; TRAVIS COUNTY; § | |
| AUSTIN POLICE OFFICER PATRICK § | |
| OBORSKI; AUSTIN POLICE OFFICER § | |
| ADAM JOHNSON;  TRAVIS COUNTY § | |
| SHERIFF'S DEPUTIES JOSEPH § | |
| HOSTEN, TUNI ORTON, JOSHUA § | |
| STRICKLAND, LISA JOHNSON, § | |
| AND FNU ROBLES; PRO-TOUCH § | |
| NURSES, INC.; AND SHANNON § | |
| RAMSEY-GRAHAM, § | |
| DEFENDANTS. § | |

## TRAVIS COUNTY DEFENDANTS' MOTION TO DISMISS

TO THE HONORABLE JUDGE SAM SPARKS:

COMES NOW, Travis County and Travis County employees Joseph Hossin, Tony Orton, Joshua Strickland, Lisa Johnson and Manuel Robles[1], collectively "Defendant Travis County Officers" whom, along with Defendant Travis County, are referred to collectively as "Travis County Defendants" and file this their Motion to Dismiss and in support of their motion, Travis County Defendants respectfully offer the following:

### I. SUMMARY OF ALLEGATIONS AND ARGUMENTS

As stated in Plaintiff's Second Amended Complaint, which is her third attempt to plead a viable claim, Plaintiff ran a red light and was detained by APD Officer Patrick

---

[1] Plaintiff has incorrectly stated the names of these employees in her Second Amended Complaint (DKT 35, ¶ 1).

Oborski. She took a field sobriety test, but refused a breathalyzer on a no refusal weekend. (DFT 35, ¶ 11) APD Officer Oborski transported her to Travis County Central Booking and obtained a warrant from a magistrate to draw Plaintiff's blood. (DKT 35, ¶ 12). Plaintiff was noncompliant in Central Booking. (DKT 35, ¶ 31). Because of her noncompliance, Plaintiff was cuffed and placed in a restraint chair in order to fulfill the terms of the warrant for a blood draw (DKT 35, ¶ 14). Pro touch employee Ramsey-Graham drew Plaintiff's blood. (DKT 35, ¶ 17). Plaintiff complains that Defendants drew her blood in the jail and not in the hospital, complains about being placed in a restraint chair and complains that individual Officer Defendants mistreated her in the restraint chair. (DKT 35). She complains that Travis County and City of Austin customs, policies, practices or inadequate training or supervision led to the problems that she experienced. (DKT 35, ¶ 29). Travis County Defendants assert that the Court should dismiss this case because Plaintiff's claims against individual Defendant Travis County Officers are barred by the statute of limitations; further, Plaintiff has not stated allegations against these Defendant Travis County Officers that would overcome their qualified immunity. Finally, Plaintiff has not met the basic pleading requirements of FRCP 8 regarding any Travis County Defendant.

## II.  STANDARD OF REVIEW

**FRCP 12(b)(6).** Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a case for failure to state a claim upon which relief can be granted. The U.S. Supreme Court provides a two-pronged approach to determine whether a claim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 127 S.Ct. 1955 (2007).  Generally, in reviewing a complaint for 12(b)(6) dismissal, the Court should accept well-pleaded facts as true and view them in a light most favorable to the plaintiff.  *Lindquist v. City of Pasadena*, 525 F.3d 383, 386 (5th Cir. 2008); *McClure v. Biesenbach*, 355 Fed. Appx. 800 (5th Cir 2009), 2009 U.S. App. LEXIS 26839 (unpublished).   However, as the *Iqbal* Court explained its holding in *Twombly,* the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to <u>legal conclusions</u>.  *Iqbal* at 1949-50 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)) (emphasis added).  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice.  *Id.*

The second working principle in *Twombly*, as explained by the U.S. Supreme Court in *Iqbal*, is that only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Id.*  To avoid dismissal under FRCP 12(b)(6), a complaint must state "enough facts to state a claim to relief that is <u>plausible</u> on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007) (emphasis added).  Facial plausibility occurs "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949-50 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)).  The allegations set forth in the complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).  The well pleaded facts must permit the court to infer more than the mere possibility of misconduct, it must show that the pleader is entitled to relief. *Iqbal* at 1949-50 (2009).  Mere conclusory

allegations will not survive a motion to dismiss. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

**FRCP 12c.**  Federal Rule of Civil Procedure 12(c) authorizes any party to move for judgment on the pleadings after the pleadings are closed but within such time as not to delay the trial.  Motion for judgment on the pleadings must be sustained where undisputed facts appearing in the pleadings, supplemented by any fact of which the Court will take judicial notice, show that no relief can be granted. *J.M. Blythe Motor Lines Corp. v. Blalock*, 310 F.2d 77 (5th Cir. 1962).  A motion for judgment on the pleadings may be granted only if the moving party clearly establishes that no material issue of fact remains to be resolved and that he or she is entitled to judgment as a matter of law. *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357 (7th Cir. 987).

### III. ARGUMENTS AND AUTHORITIES

#### A. *Defendant Travis County Officers' Motion to Dismiss*

The Court ordered Plaintiff to re-plead by April 15, 2015, in compliance with FRCP 8.  Plaintiff amended her pleadings and included bare-bones pleadings against five Travis County Defendant Officers, most of whom she misnamed. See introductory paragraph, *supra*.  On April 22, 2015, Plaintiff had summons issued to five Travis County Defendant Officers: Joseph Hossin, Tony Orton, Joshua Strickland, Lisa Johnson[2] and Manuel Robles. The highly conclusory allegations against these individuals are contained in DKT 35, ¶¶ 14-17.

**Statute of Limitations.**   Defendant Travis County Officers assert that all claims against them are barred by the statute of limitations.  A case may be dismissed under FRCP

---

[2] Travis County Officer Lisa Johnson is not the same person as APD Sgt. Adam Johnson who has also been named in this lawsuit.

12(b)(6) because it fails to comply with the statute of limitations. *National Biweekly Administration v. Belo*, 512 F. 3d 137 (5th Cir. 2007). Federal Courts will "borrow" a state's statute of limitations for state law claims or analogous federal claims. *Hickey v. Irving I.S.D.*, 976 F.2d 980, 982 (5th Cir. 1992). Under Texas state law, all claims against the Travis County Defendants are barred by the statute of limitations pursuant to Tex. Civ. Prac. and Rem. Code §16.003 which states: "… a person must bring suit for . . . personal injury not later than two years after the day the cause of action accrues." Plaintiff complains about tortious actions that occurred during her February 4, 2013 arrest and incarceration. She filed her suit against Travis County on the day the statute ran, February 4, 2015, and at that time, named Travis County Defendant Officers as "John Does G-J." (DKT 1 ¶ 6). As the Fifth Circuit has held: "An amendment to substitute a named party for a John Doe does not related back under FRCP 15c." *Whitt v. Stephens County,* 529 F. 3d 278, 282-83 (5th Cir. 2008). Plaintiff has failed to state a claim against the Travis County Defendant Officers that would fall within the two year statute of limitations. For this reason, Travis County Defendant Officers move for dismissal.

**Qualified Immunity.** Travis County Defendant Officers assert the affirmative defense of qualified immunity. In order to overcome an assertion of qualified immunity, a plaintiff must plead in detail and tailor her assertions to overcome the defense of qualified immunity. *Schultea v. Wood*, 47 F. 3d 1427, 1434 (5th Cir. 1995). Plaintiff has not and cannot do this, nor can she meet the Supreme Court's pleading requirements in *Twobley* and *Iqubal* as discussed, *supra*. Mere conclusory allegations will not survive a motion to dismiss. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Plaintiff has not met this standard and for this reason dismissal is appropriate.

Qualified immunity protects individual officers from civil damages insofar as their conduct does not violated cleary established constitutional rights of which a reasonable official would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). If the first step of the inquiry is answered in the affirmative, then qualified immunity still applies if a defendant's conduct was objectively reasonable in light of clearly established law. *Spann v. Rainer*, 987 F. 2d 110, 114 (5th Cir. 1993). Qualified Immunity protects a government official from both litigation and liability. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991).

Plaintiff makes several assertions against a group of people whom she calls "Defendant Officers" which includes both APD and Travis County officers. See DKT 35, ¶ 15. First, she complains that Defendant Officers restrained her in a restraint chair. This allegation does not violate a clearly established constitutional right and should be dismissed. Use of the restraint chair for a noncompliant arrestee subject to a warrant for a blood draw does not violate any constitutional rights. Texas courts have concluded that it is not unreasonable to restrain a noncooperative subject to obtain a blood sample under a warrant. *State v. Johnston*, 336 S. W. 3d 649, 663-664 (Tex. Crim. App. 2011). Additionally, there was a warrant requiring that Plaintiff provide a blood sample. *Missouri v. McNeely*, 133 Sp. Ct. 1552, 1568 (2013). This issue should be dismissed. Next, she complains that Defendant Officers put a bag, i.e. a spit mask, over her head. Again, as part of the restraint, this does not violate a clearly established right especially given an admittedly noncompliant Plaintiff. (**DKT 35, ¶ 31**). Plaintiff alleges that "one of the officers used his hands to choke Callaway around the neck." Travis County Defendants strongly deny that any officer choked Plaintiff. But, even if such allegation

had occurred, given that there were seven officers in the room, two APD and five Travis County, this allegation must fail because it does not meet the basic pleading requirements of *Twombly* and *Iqbal*, see discussion *supra*.  As previously stated, the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct, it must show that the pleader is entitled to relief. *Iqbal* at 1949-50 (2009).  Mere conclusory allegations will not survive a motion to dismiss.  *Blackburn v. City of Marshall*, 42 F.3d at 931.  Plaintiff's second amended complaint shows no more than an inference of misconduct by some unspecified Travis County Officer and for this reason, her claim must be dismissed.

Additionally, two of the Travis County Defendant Officers were female, Lisa Johnson and Toni Orton, and not implicated in Plaintiff's pleading of an officer putting "his hands" around her neck. Again, Travis County Defendants strongly deny that anyone choked Plaintiff, but on this motion to dismiss, Travis County Defendant Officers assert that a chokehold in and of itself is not legally impermissible.  *Williams v. Kelley*, 624 F. 2d 695 (5th Cir. 1980); *Stagner v. Sturdivant,* 515 F. App'x 280, 281 n.1 (5th Cir. 2013).

**State Law Claims.**   Plaintiff specifically asserts that her state law tort claims are not brought against the units of government. (DKT 35, ¶ 32).  Plaintiff has attempted to state her case in this fashion as to avoid the strictures of the Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code Section 101.001, *et seq*.  However, since she has sued Travis County Defendant Officers for actions that occurred within the general scope of their employment, i.e. assisting APD officers in executing a warrant to draw blood, Plaintiff's state law claims against Travis County Defendant Officers are barred by Section 101.106 (f) of the Texas Tort Claims Act which states in part:

> "If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and

<a>
</a>

> it could have been brought under this chapter against the governmental unit then the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files an amended pleading dismissing the employee and naming the governmental unit as a defendant within the 30th day after the date the motion is filed."

The Texas Supreme Court has held that this provision applies to intentional torts, like assault and battery. *Franka v. Velasquez*, 332 S.W.3d 367, 378 (Tex. 2011). Further, the Supreme Court has held that 101.106 (f) forecloses "suit against a government employee in his individual capacity if he was acting within the scope of employment". *Id* at 381. Travis County Defendant Officers move for dismissal of the state law claims against them under 101.106.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, both Defendant Travis County and Travis County Defendant Officers jointly and severally respectfully request that the Court dismiss with prejudice this cause with regard to their participation in this lawsuit, that Callaway take nothing by this lawsuit, and that the Court grant any further relief to which Travis County Defendants may be justly entitled.


Respectfully submitted,

**DAVID A. ESCAMILLA**
**TRAVIS COUNTY ATTORNEY**
P. O. Box 1748
Austin, Texas 78767
(512) 854-9415
(512) 854-4808 FAX

By: */s/ Laurie R. Eiserloh*
LAURIE R. EISERLOH
Assistant County Attorney
State Bar No. 06506270
laurie.eiserloh@co.travis.tx.us
ANTHONY J. NELSON
Assistant County Attorney
State Bar No. 14885800
tony.nelson@co.travis.tx.us

**ATTORNEYS FOR TRAVIS COUNTY DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of April, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Daphne Pattison Silverman
Silverman Law Group
501 N. IH 35
Austin, Texas 78702
*Attorney for Plaintiff, Caroline Callaway*

Chris Edwards
Assistant City Attorney
City of Austin-Law Department
P.O. Box 1546
Austin, Texas 78767
*Attorneys for City Defendants*

Anthony J. Nelson
Laurie R. Eiserloh
Assistant County Attorneys
Travis County Attorney's Office
P.O. Box 1748
Austin, Texas  78767
*Attorneys for Travis County Defendants*

                      /s/ Laurie Eiserloh
                      Laurie Eiserlon
                      **Assistant County Attorney**
                      Anthony J. Nelson
                      **Assistant County Attorney**